Johnson, J.
delivered the opinion of the Court.
The grounds necessarily arising out of the case as stated, and several others, are taken on a motion fora new trial; but. as the Court was unanimously of opinion that the defendant is entitled to a new trial on the second ground, and have declined expressing any opinion on the others, it is thought unnecessary to state them. The second ground was, that the presiding Judge erred in refusing to permit the defendant to give in evidence, under the general issue, by way of mitigation of damages, the handbill above-mentioned, which was expressly referred to by the libel, and to which it was professedly an answer.
One libel cannot be pleaded or set off as a justification in an action brought upon another; hut. whatever is material to the issue may be given in evidence. In actions for words either parole or written, which are in themselves actionable, and in which it is not necessary to prove special damages, malice is a sine qua non ; it is an essential ingredient. The general issue, therefore, puts the question of malice directly in issue: whatever, therefore, goes to prove the existence or want of malice,, is clearly admissible. Upon the same principle, the occasion and manner of speaking or publishing the words are always admitted as going to show the quo animo. The inquiry then, is, whether the handbill offered in evidence went to show the quo animo with which the libel *84 Was published, or the occasion which called it forth? The libel itself contains sufficient evidence that the handbill was the occasion which induced its publication; and it is obvious, that at the time the defendant was writhing under the libellous matter contained in it, and that to repel it was at least in some measure the quo animo. How far it ought to have had the effect of excusing the wrong done by the defendant, was a question for the consideration of the jury. They might perhaps have considered the handbill itself as a consequence of the preceding declarations of the defendant, stated in the libel; but whatever influence it might have had, it was clearly admissible. I will not, however, like Lord Kenyon, in Anthony Pasquinas case, throw the plaintiff’s parchmenUat his head, and dismiss him from the Court with infamy. But I am clearly of opinion that the motion for a new trial ought to be granted.
Prioleau for the motion.
K. L. Simons, contra.
The other Judges concurred.